**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RHETT AND SHELLY VOGA, individually and as husband and wife; CORTLAND J. ORNBURG, individually; KATHERINE TANNEN, individually; RON AND DOREEN LANGLANDS, individually and as husband and wife; STEVEN AND PATRICIA HECKSEL, individually and as husband and wife; RICHARD BARGE, individually, Plaintiffs, v. U.S. BANK, a Delaware Corporation; U.S. BANCORP, a Delaware Corporation; U.S. BANK NATIONAL ASSOCIATION, a national banking association; RUSSELL HINTON, individually and as an agent of U.S. BANK; SCOTT SUMMERHAYS, an individual; CHRISTOPHER JOHNSTON, an individual; JAMES MILLER, an individual; TRITON EXPLORATION, LLC, a Nevada limited liability company, TRITON AERONAUTICS, LLC, a Nevada limited liability company; DOES 1-50; and ROE CORPORATIONS 1-50, Defendants. | 3:11-cv-316-RCJ-VPC<br><br>**ORDER** |

This case is mainly based upon actions of common law fraud against multiple defendants relating to loans made for the purchase and development of a golf course in Douglas County, Nevada. Defendant U.S. Bank filed a notice of removal and removed the case to federal court on May 4, 2011. Plaintiffs filed a motion to remand and now seek to have the case remanded to the Nevada state court in Douglas County, claiming: (1) the notice of removal was procedurally defective, and (2) all federal claims have been voluntarily dismissed

and the values of economy, convenience, fairness, and comity weigh in favor of the Court refraining from exercising supplemental jurisdiction over the remaining state claims. For the following reasons, Plaintiff's Motion to Remand (#9) is granted.

## BACKGROUND

Plaintiffs Rhett and Shelly Voga, Cortland Ornburg, Katherine Tannen, Ron and Doreen Langlands, Steven and Patricia Hecksel, and Richard Barge (collectively "Plaintiffs") brought this action against U.S. Bank, Russell Hinton, Scott Summerhays, Christopher Johnston, James Miller, Triton Exploration, LLC, and Triton Aeronautics, LLC (collectively "Defendants") in the Ninth Judicial District Court of the State of Nevada in Douglas County. Plantiffs Rhett and Rachelle Voga, Cortland Ornburg, Ron and Doreen Langlands, and Katherine Tannen are Nevada Residents; Plaintiffs Steven and Patty Hecksel are Utah residents; and Plaintiff Richard Barge is a California Resident. (Am. Compl. (#9-1) at 6-7). Defendants Scott Summerhays, Christopher Johnston, and James Miller are all Nevada residents and Triton Exploration, LLC and Triton Aeronautics, LLC are Nevada limited liability companies. (*Id.* at 3-5). Defendant U.S. Bank is a Delaware Corporation licensed to do business in Nevada and Defendant Russell Hinton is resident of the state of Utah. (*Id.* at 3).

From 2008 through 2009, Summerhays allegedly obtained multiple loans from Plaintiffs ranging from $100,000.00 to over $1,000,000.00 for the purpose of purchasing and developing the Genoa Lakes Golf Course in Douglas County, Nevada. (*Id.* at 9-21). Plaintiffs assert that the loans were made in reliance upon statements by U.S. Bank and Hinton—the branch manger for U.S. Bank in St. George, Utah—that Hinton controlled valuable stock belonging to Summerhays that would be used to secure the loans. (*Id.* at 4, 7). In addition to representing to Plaintiffs that the stock would be used to secure the loans, Plaintiffs allege Hinton and U.S. Bank made knowing or recklessly false statements to Plaintiffs regarding Summerhays' ability to repay the loans in order to induce the loans. (*Id.* at 8). According to Plaintiffs, Summerhays has defaulted on all loans and both U.S. Bank and Hinton have failed to foreclose on the collateral as promised. (*Id.* at 9-21). Plaintiffs then brought this action against Defendants, consisting of 28 claims. (*Id.* at 21-51). Of the 28 claims, 24 are state

causes of action (such as breach of contract, fraud, negligent hiring, and violation of Nevada statutory laws) while only 4 are federal causes of action. (*Id.*).[1]

Hinton filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on September 17, 2010. (Opp'n to Mot. to Remand (#16) at 5). Not knowing Hinton had filed for bankruptcy, Plaintiffs served him with notice and summons informing him he was being sued in his individual capacity and as an agent of U.S. Bank on April 6, 2011. (Summons (#21-1) at 4). Hinton responded by filing a notice of bankruptcy and suggestion of stay with the Nevada state court. (Mot. to Remand (#9) at 3). Following these events, U.S. Bank filed a notice of removal and removed the case to federal court on May 4, 2011, claiming in its statement concerning removal that it was unaware of any defendant having been served before U.S. Bank filed its notice of removal. (Statement Concerning Removal (#7) at 3). U.S. Bank did not obtain consent of Hinton before removing the matter to federal court.

Plaintiffs then filed this Motion to Remand, claiming: (1) the notice of removal was procedurally defective; and (2) this Court should exercise its discretion to remand the removed action for equitable considerations. (Mot. to Remand (#9) at 2). In the Motion to Remand, Plaintiffs offered to voluntarily dismiss the four federal causes of action and only pursue the state causes of action. (Mot. to Remand (#9) at 4-5). Plaintiffs later filed an amended complaint eliminating the four federal causes of action, leaving only the state causes of action to be decided. (*See* First Am. Compl. (#23)). U.S. Bank asserts that: (1) the notice of removal was proper; and (2) this Court should exercise supplemental jurisdiction over the remaining state causes of action for equitable reasons. (Opp'n to Mot. to Remand (#16) at 8, 12-13).

## LEGAL STANDARD

A defendant my remove a legal action from state to federal court by filing a notice of

---

[1] Plaintiffs also claim Defendants Scott Summerhays, Christopher Johnston, James Miller, Triton Exploration, LLC and Triton Aeronautics, LLC were involved in the alleged fraud. However, as their specific actions are irrelevant to this Motion to Remand, the details of their participation have been omitted.

removal. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). To challenge a removal to federal court, a party may file a motion to remand. 28 U.S.C. § 1447(c). The court may order remand for either a lack of subject matter jurisdiction or for a procedural defect in the actual removal procedure. *Id.* The party seeking removal bears the burden of establishing that all removal requirements are met by a preponderance of the evidence. *Etheridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The removal statutes are to be construed restrictively and any doubts about the right of removal is resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Even if a matter is properly removed to federal court, the court still has the discretion in certain circumstances to remand the case to state court. District courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[O]nce the federal court acquires jurisdiction of a case on removal, it also acquires jurisdiction over pendent state law claims, whether or not the federal claim proves out." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1430 (9th Cir. 1984).

District courts however may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstance, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Once one of the above events which trigger the exercise of discretion is identified, the court should explain how declining jurisdiction will serve the underlying objectives of accommodating the values of "economy, convenience, fairness, and comity" and utilize these factors to inform its decision. *Tr. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citing *Exec. Software N. Am., Inc. v. United States Dist. Ct.*, 24 F.3d 1545, 1557 (9th Cir. 1994).

**DISCUSSION**

**I.      The Removal Procedure was Not Procedurally Defective**

Plaintiffs assert that the case should be remanded to state court because U.S. Bank's removal procedure was defective. (Mot. to Remand (#9) at 6). Specifically, Plaintiffs argue that removal was defective because Hinton failed to join in the notice of removal. (*Id.* at 7).

A defendant may remove a case to federal court by filing a notice of removal within thirty days after receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(a)-(b). Under the judge-made "rule of unanimity", all defendants in an action must generally join in the petition for removal. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008); *Ely Valley Mines, Inc., v. Hartford Accident & Indemnity Co.,* 644 F.2d 1310, 1314 (9th Cir.1981). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (overruled on other grounds). Any deficiencies should be cured within the statutory thirty-day period or the court will find removal improper. *Id.*

The Ninth Circuit however does recognize four exception to the rule of unanimity. *Nat'l Roofing Indus. Pension Plan v. Acropolis Inv., Ltd.*, No. 2:10-cv-1882-JCM-LRL, 2011 WL 830269, at *1 (D. Nev. Mar. 4, 2011). First, the rule does not apply if the defendant who has not joined in the petition was not properly served before the notice of removal was filed. *Salveson v. W. States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984) (superseded by statute on other grounds). Second, nominal defendants need not consent to the removal. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232-33 (9th Cir.1986). Third, when an independent claim which is removable under 28 U.S.C. § 1441(c) is joined with claims that are not removable, only the defendants to the independent claim must be joined in the notice of removal. *Toshavik v. Alaska Airlines, Inc.,* No. N99-2-cv-JWS, 1999 WL 33456492, *1 (D. Alaska Nov. 15, 1999) (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H.

COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731, at 267 (3d. ed. 1998)). Finally, parties which have been joined fraudulently are not required to consent in the removal. *United Computer Sys., Inc. v. AT&T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002).

This matter falls under the first exception to the rule of unanimity because Hinton was not properly served before U.S. Bank filed its notice of removal. Although it is clear that Hinton had been served on April 6, 2011—before U.S. Bank filed its notice of removal—this service of process was ineffective because Hinton had filed a petition for bankruptcy prior to being served. The Bankruptcy Code provides that after a petition for bankruptcy is filed an automatic stay is in effect which prevents certain actions from being taken against the debtor. 11 U.S.C § 362(a). One action that is prohibited after a petition for bankruptcy is filed is "the commencement or continuation, including the issuance or employment of process, of judicial, administrative, or other action" to recover a claim against the debtor that arose before the petition of bankruptcy was filed. 11 U.S.C. § 362(a)(1). A debtor in bankruptcy thus cannot be served with process while this automatic stay is in effect.

Here, the automatic stay was still in effect as to Hinton because Plaintiffs had not yet obtained relief from the stay.[2] Because the automatic stay was in effect, any service of process on Hinton was prohibited by section 362(a) of the Bankruptcy Code. Hinton therefore could not have been properly served before U.S. Bank filed its notice of removal because service of process at that time was not allowed. U.S. Bank thus properly stated in its statement concerning removal that no other defendant had been served because Hinton could not be served due to the automatic stay. (Statement Concerning Removal (#7) at 3). Although Plaintiffs assert that they were unaware of Hinton's pending bankruptcy, knowledge that a petition was filed is not a prerequisite for the stay to apply. *See* 11 U.S.C. § 362(a). Because Hinton was not properly served before U.S. Bank filed its notice of removal, this

---

[2] Plaintiffs did not seek relief from the stay until June 1, 2011 and a hearing was set on the motion for July 7, 2011, long after U.S. Bank filed its notice of removal (May 4, 2011). (Opp'n to Mot. to Remand (#16) at 5).

matter falls within the first exception to the "rule of unanimity." The removal process was therefore not defective and the matter cannot be remanded on that ground.

## II. Hinton's Notice of Bankruptcy and Suggestion of Stay Do Not Amount to an Appearance

Plaintiffs argue that although Hinton may not have been served before U.S. Bank filed its notice of removal, Hinton made an appearance by filing the notice of bankruptcy and suggestion of stay with the Nevada state court. (Mot. to Remand (#9) at 7). "'An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting 28 FED. PROC. (L.Ed.) § 65.137, at 526 (1984)). Under Nevada law, a person enters an appearance only when he submits a request for relief other than a challenge to the courts jurisdiction or sufficiency of process. *See Indiana Ins. Co. v. Eighth Judicial Dist. Ct.*, 112 Nev. 949, 951, 920 P.2d 514, 515 (1996).

Hinton's filing of a notice of bankruptcy and suggestion of stay does not qualify as an appearance. By making these filings, Hinton is unlikely to have had any intention to make any appearance in the state court, but rather was simply notifying the court that he was not required to appear due to his pending bankruptcy. Hinton's filings therefore did not amount to an appearance and in no way prevented U.S. Bank from filing its notice of removal.

## III. The Court Refrains from Exercising Supplemental Jurisdiction

Although this matter was properly removed to federal court, the Court still has the discretion in certain circumstances to remand the matter to state court. District courts may decline to exercise supplemental jurisdiction over a state claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstance, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Once one of the above triggering events is identified, the court's exercise of discretion in declining to exercise

jurisdiction over the case should be informed by the underlying objectives of accommodating the values of "economy, convenience, fairness, and comity." *Tr. of Constr. Indus.,* 333 F.3d at 925 (citing *Exec. Software,* 24 F.3d at 1557).

### A. Two Events Triggering the Court's Discretion are Present

Two triggering events are present in this matter: (1) The state law claims substantially predominate over the claims over which the court has original jurisdiction; and (2) all claims over which the court has original jurisdiction have been dismissed. First, the state claims substantially predominate over the federal claims. Twenty-four of the claims are state claims and only four are federal claims, and those four federal claims are being voluntarily dismissed leaving only the state law claims. Therefore from a numerical standpoint, the state claims clearly predominate over the federal claims. Additionally, the heart of this case revolves around alleged acts of intentional misrepresentation and breach of contract—which are both state matters. Because this case is chiefly concerned with claims of fraud and breach of contract, the state issues here predominate over any federal issues.

Second, all claims over which the Court has original jurisdiction have been dismissed. "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of [the factors of economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims." *O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994) (citing *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *cert. denied*, 507 U.S. 1004, 113 S.Ct. 1644 (1993). Plaintiffs here voluntarily dismissed the four federal claims early in the litigation and before any discovery has been initiated.[3] U.S. Bank asserts that Plaintiffs should not be allowed to manipulate the forum by dismissing its federal claims. (Opp'n to Mot. to Remand (#16) at 14-15). However, other courts have found voluntary dismissal to *not* be the type of "manipulation" that would require

---

[3] At oral argument, Plaintiffs also voluntarily removed the assertion in their claim for civil conspiracy that Defendants conspired to violate federal securities laws. (*See* Am. Compl. (#9-1) at 39). As a result, no federal question remains in this suit.

a court to deny a motion to remand. In *Baddie v. Berkeley Farms, Inc.*, the Nine Circuit noted that filing federal claims in state court serves as an offer to the defendant to have these claims litigated in state court. 64 F.3d 487, 491 (9th Cir. 1995). If the defendant rejects the plaintiff's offer and removes to federal court, then plaintiff may then dismiss the federal claims and move for remand. *Id.* The Ninth Circuit further noted that this is merely a tactical decision and is not manipulative. *Id.* Here, as in *Baddie*, Plaintiffs made a tactical decision to drop their federal claims—which were merely derivative to the state claims—to avoid litigation in federal court. Voluntary dismissal of the federal claims was thus allowable and in this case does not weigh against the Court exercising its discretion to remand.

### B. The Values of Economy, Convenience, Fairness, and Comity Weigh in Favor of Remand

Because at least two of the triggering factors which allow the Court to use its discretion in exercising its supplementary jurisdiction are present, the Court must now determine and explain whether declining jurisdiction comports with the underlying objective of accommodating the values of "economy, convenience, fairness, and comity." *Tr. of Constr. Indus.,* 333 F.3d at 925 (citing *Exec. Software,* 24 F.3d at 1557).

Judicial economy and fairness do not provide any significant reason the matter should be tried in federal as opposed to state court. Although U.S. Bank may be concerned with trying the matter before a local jury in state court, a federal jury would still involve jurors from Northern Nevada and the Douglas County community, so the jury pool will not be much different in state court than it would be in federal court. U.S. Bank also asserts that the federal court is better able to apply the law of other states if the law of Utah or California applies, but the state court is just as capable at applying the law of another state as the federal court. Finally, no trial date has been set and no discovery has been undertaken and thus there are no judicial economy reasons that would justify retaining the matter in federal court.

It would also be no more convenient for the federal court to decide the matter. Any out of state parties will have to travel to Nevada regardless of whether the case is handled in state or federal court. The state court is also only an hour away from the federal court, which would

9

not be significantly burdensome on U.S. Bank.  U.S. Bank argues it is more convenient to try the matter in federal rather than state court because the federal court offers streamlined procedures for effecting service of subpoenas and conducing discovery which the state court does not offer.  This argument is less than compelling as U.S. Bank has failed to elaborate on why it believes the federal procedures are more streamlined and superior to Nevada state procedures.  Furthermore, U.S. Bank has not shown there is any particular need for streamlined procedures in this matter and that it would be substantially inconvenienced in some way if these procedures are not utilized.

Comity considerations clearly weigh in favor of remand.  Six of the nine plaintiffs in this matter are Nevada residents along with five of the seven defendants (including the defendants that are Nevada limited liability companies).  Although Nevada law is not likely to govern all matters in this case, it is probable it will govern most issues because many of the representations were made in Nevada and the loan contracts were for the purchase of real property located in Nevada.  (Reply in Supp. of Mot. to Remand (#21) at 13).  Furthermore, federal courts should defer to the state courts on grounds of comity where the federal court is obligated to speak on questions of state law which are best left for the state court to decide. *Nugent v. Las Vegas Metro Police Dept.*, No. 2:09-cv-601-GMN-RJJ, 2010 WL 3810145, at *5 (D. Nev. Sept. 22, 2010).  Plaintiffs here allege numerous violations of Nevada statutory law in addition to their fraud and breach of contract claims.  Such questions are best left to state courts to decide.  *See id.* (finding claims based on state statutory violations and theories of *respondeat superior* were better decided by state court).

For these reasons, I find that the values of economy, convenience, fairness, and comity weigh in favor of this Court declining the exercise of supplemental jurisdiction over this matter.

U.S. Bank however notes that it is currently the only Defendant that has been properly served and argues this reveals that this case is chiefly against U.S. Bank and that the other Defendants are merely listed to destroy diversity.  Because the Nevada Defendants have not yet been served, U.S. Bank contends that the parties that are actually participating in this proceeding are diverse and the principles behind diversity jurisdiction suggest the Court should

exercise its discretion in favor of keeping this matter in federal court. One justification for diversity jurisdiction is the reassurance of fairness a federal court can supply to an out-of-state defendant facing suit in state court. *Davis v. HSBC Bank of Nevada, N.A.*, 557 F.3d 1026, 1037 n.44 (9th Cir. 2009) (citing S. REP. NO. 109-14, at 11-12 (2005) (Conf. Rep.)). Comity concerns are also lessened if no Defendant who is a Nevada resident is added, as it becomes less of a state matter and more of a dispute between residents of differing states. However there is no evidence Plaintiffs joined the Nevada Defendants in an effort to avoid diversity. Plaintiffs contend they have attempted service but as of now have been unsuccessful. It would also be unwise of Plaintiffs to not serve the remaining Defendants because they have asserted a claim of civil conspiracy, which would be difficult to support against a single Defendant. (*See* Am. Compl. (#9-1) at 39). Plaintiffs have also assured this Court at oral argument that they fully intend to serve all of the Defendants listed in the Complaint. However, if Plaintiffs fail to serve process to the remaining Defendants—especially those who are Nevada residents—this Court invites a petition from U.S. Bank to remove this matter once again to federal court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (#9) is GRANTED.

DATED: This 27th day of October, 2011.

_____
United States District Judge